**CHUN HUA CHEN, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General,[1] Respondent.**

**No. 06–1840–ag.**

United States Court of Appeals, Second Circuit.

Aug. 21, 2009.

Peter D. Lobel, New York, NY, for Petitioner.

Michael J. Garcia, U.S. Atty., Southern District of New York, Allison D. Penn, Kathy S. Marks, Asst. U.S. Attys., New York, NY, for Respondent.

PRESENT: WILFRED FEINBERG, JON O. NEWMAN, and CHESTER J. STRAUB, Circuit Judges.

### SUMMARY ORDER

Petitioner Chun Hua Chen, a native of Zhejiang Province and citizen of the People's Republic of China, seeks review of a March 23, 2006 order of the BIA denying her motion to reopen. *In re C–C–*, 23 I. & N. Dec. 899 (BIA 2006). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA denies a motion to reopen, this Court reviews the BIA's decision for an abuse of discretion. *Twum v. INS*, 411 F.3d 54, 58 (2d Cir.2005). An abuse of discretion may be found where the BIA's decision "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Ke Zhen Zhao v. U.S. Dep't of Justice*, 265 F.3d 83, 93 (2d Cir. 2001) (internal citations omitted).

The BIA did not abuse its discretion in denying Chen's motion to reopen. In declining to reopen proceedings, the BIA properly considered the fact that Chen's motion was not supported by specific evi-

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder, Jr., is automatically substituted for former Attorney General Alberto Gonzales as a respondent in this case.

dence that Chinese nationals returning to Zhejiang Province with children born abroad were subjected to forced sterilization. *See Poradisova v. Gonzales*, 420 F.3d 70, 78 (2d Cir.2005) (emphasizing that, to prevail on a motion to reopen, the movant must establish *prima facie* eligibility for asylum, *i.e.*, "a realistic chance" that she will be able to establish eligibility).

The BIA appropriately found that an affidavit of John Shields Aird, submitted by Chen, was insufficient to support Chen's claim. *See In re C–C–*, 23 I. & N. Dec. at 901–02. The Aird affidavit referenced and quoted from 2003 administrative decisions from the Changle City Family Planning Administration and the Fujian Province Department of Family Planning Administration indicating that Chinese nationals who return to Fujian Province from abroad with foreign-born children would be subject to the family planning regulations. *Id.* However, the BIA reasonably found that these documents were not probative when neither they nor the Aird affidavit contained specific information as to the application of the family planning policy to Chinese citizens returning to Zhejiang Province with children born abroad. *See id.; see also Poradisova*, 420 F.3d at 78. *But see Shou Yung Guo v. Gonzales*, 463 F.3d 109, 114–15 (2d Cir. 2006) (remanding for the BIA to consider documents purporting to show that foreign-born children would be counted in Fujian Province in determining violations of China's one-child policy). Furthermore, while the BIA did not address each of the exhibits accompanying the Aird affidavit, it was not required to do so, and there is no indication that it did not consider them in rendering its decision. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 336,

n. 17 (2d Cir.2006) (emphasizing that, where the agency has given reasoned consideration to the petition and made adequate findings, it is not required to address specifically each claim the petitioner made or each piece of evidence the petitioner presented).

Moreover, in rendering its decision, the BIA properly relied on the State Department Profile of Asylum Claims and Country Conditions for China ("Profile"), for 2004 and 2005, as well as the Country Reports on Human Rights Practices for China ("Country Reports"), for 2004 and 2005. While indicating that reports of physical coercion to meet birth targets continued, the 2005 Country Reports also indicated that central government policy "formally prohibits the use of physical coercion to compel persons to submit to abortion or sterilization." *See In re C–C–*, 23 I. & N. Dec. at 903. Additionally, the 2004 Profile indicated that American diplomats were unaware of any cases in which returnees from the United States were forced to undergo sterilization upon their return to China. *Id.* The BIA also accurately observed that Zhejiang Province was not mentioned among those provinces which imposed "stringent measures to deal without-of-plan pregnancies." *Id.*[2] Accordingly, the BIA cannot be said to have abused its discretion in denying Chen's motion to reopen in light of this record.

We pause to note that the instant case is distinguishable from *Shou Yung Guo*, 463 F.3d 109. In that case, the Court remanded to the BIA because it had failed to examine sufficiently several administrative decisions from the Fujian Province family planning authorities which indicated that parents of children born abroad would be subject to the family planning policy. 463

---

**2.** In addition, the BIA appropriately noted that the Third Circuit's decision in *Jian Lian Guo v. Ashcroft*, 386 F.3d 556 (3d Cir.2004),

which Chen urged it to adopt, is not binding in this Circuit. *See In re C–C–*, 23 I. & N. Dec. at 900.

F.3d at 115; *see also Jin Xiu Chen v. U.S. Dep't of Justice,* 468 F.3d 109, 111 (2d Cir.2006) (taking "cognizance" of the *Shou Yung Guo* documents in the record); *Tian Ming Lin v. U.S. Dep't of Justice,* 473 F.3d 48 (2d Cir.2007) (remanding based on the existence of the *Shou Yung Guo* documents). However, the *Shou Yung Guo* documents are not relevant to Chen's case because, although she presented the same documents as attachments to the Aird affidavit, they pertained to family planning practices in Fujian Province, whereas Chen is from Zhejiang Province. Furthermore, in contrast to *Shou Yung Guo,* the BIA specifically considered these documents and reasonably found that they were not probative because they did not address the application of the family planning policy as it pertains to people returning to Zhejiang Province with children born abroad. *In re C–C–,* 23 I. & N. Dec. at 901–02.

For the foregoing reasons, the petition for review is DENIED. The pending motion to supplement the record is GRANTED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).